**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **REGINALD GREEN, #63828-080,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CV-788-LY-AWA** |
| | § | |
| **MIKE PEARCE, WARDEN,** | § | |
| **FCI BASTROP,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Reginald Green's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Respondent Mike Pearce's Response to Petition (Dkt. No. 7); and Petitioner's Reply in Opposition (Dkt. No. 8). In addition, the following motions are also pending before the Court: Petitioner's Motion for Discovery (Dkt. No. 6); Petitioner's Motion for Evidentiary Hearing (Dkt. No. 9); and Petitioner's Application for Leave of Discovery for Production of Documents (Dkt. No. 10).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

Petitioner Reginald Green ("Green"), Reg. No. 63828-080, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop pursuant to a judgment and sentence in Criminal

Case No. 1:94-CR-00001 in the United States District Court for the Northern District of Mississippi. Green is serving time after a jury found him guilty of one count of conspiracy to distribute and to possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841 and 846 and one count of engaging in a continuing criminal enterprise with at least five other persons in which Green obtained substantial unlawful income and resources in violation of 21 U.S.C. § 848. Green was sentenced on July 14, 1995, to 384 months of imprisonment followed by five years of supervised release. He was also fined $50,000 and charged an assessment of $50. Green's convictions and sentence were affirmed on appeal. *United States v. Mormon, et al.*, 105 F.3d 656 (5th Cir. 1996).

In the instant petition,[1] Green brings his claims under 28 U.S.C. § 2241. Broadly construed, he alleges that: (1) his sentence was illegally enhanced under 21 U.S.C. § 851 as the government failed to file a notice of enhancement of sentence prior to trial; (2) he was denied review of his pre-sentence report ("PSR") prior to sentencing; and (3) he was denied due process of law and did not have effective assistance of counsel as a result of his failure to review the PSR. Dkt. No. 1. Respondent contends that Green's petition should be dismissed for failure to state a claim upon which relief can be granted. Dkt. No. 7.

## II. ANALYSIS

As an initial matter, federal prisoners must exhaust all available administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62

---

[1] Green's petition appears to have been completed by another inmate incarcerated at FCI-Bastrop, Mr. Franklin L. Williams, who was sanctioned by Judge Sam Sparks on February 13, 2013, for bringing multiple frivolous lawsuits. *See Williams v. Pearce*, No. 1:12-CV-00368-SS, slip op. (W.D. Tex. Feb. 13, 2013). In that order, Judge Sparks prohibited Williams from assisting other inmates in their habeas petitions. *Id.*

(5th Cir. 1994). Exceptions to the exhaustion requirement arise when "available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* These exceptions "apply only in extraordinary circumstances," and the petitioner bears the burden of establishing that administrative review would be futile in his case. *Id.*

The BOP, which administers the prison in which Green is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15. In this case, Green has not presented any evidence to suggest that he has exhausted his administrative remedies with the BOP. There is nothing in the record showing that the BOP considered and rejected Green's claims. As such, the undersigned will recommend that the District Judge dismiss Green's petition.

Aside from Green's failure to exhaust his administrative remedies prior to seeking relief from this Court, his claims are outside the proper scope of a § 2241 petition because Green is attacking errors that occurred at or prior to his sentencing. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. This Court lacks

jurisdiction to construe the instant petition as a § 2255 petition, however, because the Eleventh Circuit has not granted petitioner authorization to file a successive § 2255 petition. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion). In addition, a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Northern District of Mississippi. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion, where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). For these reasons, the Court does not have jurisdiction to construe Green's § 2241 motion as a § 2255 motion.

The Court may nevertheless address Green's claims through the so called "savings clause" provision of § 2255 if Green can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. Green bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

4

Here, Green appears to argue that he is challenging the execution of his sentence. In his reply, Green asserts that § 2241 is the proper vehicle for his claims. Green seems to contend that because his prior habeas petitions under § 2255 have been dismissed, this Court should consider his instant petition under § 2241. *See* Dkt. No. 8. Yet it is clear he is challenging events that occurred during or prior to his sentencing. For example, Green alleges that he was not given an opportunity to review his PSR *prior* to sentencing. Additionally, Green contends that his sentence was improperly enhanced because the government failed to provide notice of the enhanced sentence *before* trial. Thus, § 2241 is not the proper vehicle for Green's claims. *Ojo*, 106 F.3d at 683. Consequently, this Court lacks jurisdiction to consider Green's claims because they are not properly brought under § 2241.

Moreover, Green has failed to sustain his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. Green does not argue that a recent Supreme Court decision applied retroactively to his case nor does he assert that such a case decriminalized the conduct for which he was convicted.[2] Furthermore, Green merely relies on the Eleventh Circuit's recent decision in *United States v. Ladson*, 643 F.3d 1335 (11th Cir. 2011), for his assertion that his sentence was illegally enhanced due to the government's failure to provide notice of an enhance. He does not

---

[2] In an attachment to his petition, Green argues that the Fair Sentencing Act of 2010 ("FSA"), which took effect on August 3, 2010, should apply retroactively to his case and would reduce his sentence. The Supreme Court has recently held that the FSA's new, lower mandatory minimums "apply to the post-Act sentencing of pre-Act offenders." *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012). In that case, the Court considered two separate cases where the inmate had committed the offense prior to but was sentenced after the effective date of the FSA. Such is not the case here. Green committed and was sentenced many years prior to the effective date of the FSA. As such, his reliance on the FSA's new, lower mandatory minimums is misplaced. *See, e.g.*, *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) (declining to apply the FSA retroactively to a sentence that had been imposed prior to the effective date of the FSA).

contend that previous circuit precedent foreclosed his claims.  Accordingly, Green's § 2241 Petition should be dismissed for lack of jurisdiction.

## III.  RECOMMENDATION

In light of the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DISMISS** Petitioner Reginald Green's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for lack of jurisdiction.

Additionally, the undersigned **FURTHER RECOMMENDS** that the District Judge **DISMISS AS MOOT** Green's remaining motions in this case (Dkt. Nos. 6, 9, 10).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE